IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PHILLIP JORDAN TAYLOR**,

    Plaintiff,

  v.

**GREYHOUND BUS LINES INC., KIM KOLIN,** in her personal capacity**,**

    Defendants.

Case No. 3:13-cv-00694 SI

**OPINION AND ORDER**

Phillip Jordan Taylor, PO Box 851, Lynwood, WA 98046, *pro se*.

Don H. Stait, Littler Mendelson, P.C., 121 SW Morrison, Suite 900, Portland, OR 97204; Rachelle Wills, *Pro Hac Vice* and Breanne M. Sheetz, *Pro Hac Vice*, Littler Mendelson, P.C., 600 University Street, Suite 600, Seattle, WA 98101. Attorneys for Defendants.

**Michael H. Simon, District Judge.**

    Phillip Jordan Taylor ("Plaintiff") was employed by Greyhound Bus Lines Inc. for 13 years as a driver until his employment was terminated on May 31, 2012, allegedly because of a complaint letter from a female employee of a truck stop. According to that letter, Mr. Taylor had sexually harassed the employee by making sexual comments to her. Before his termination, the terms and conditions of Mr. Taylor's employment were governed by a collective bargaining

PAGE 1 – OPINION AND ORDER

agreement ("CBA"). Kim Kolin, also named as a defendant in this suit, was Mr. Taylor's supervisor at Greyhound.

Mr. Taylor filed his Complaint in this action on April 24, 2013. Greyhound and Ms. Kolin (collectively "Defendants") move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that all of Mr. Taylor's claims are completely preempted by Section 301(a) of the Labor Management Relations Action ("Section 301"), 29 U.S.C. § 185, and that Mr. Taylor has failed to state a claim. For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss (Dkt. 20).

## BACKGROUND

Because Mr. Taylor is proceeding *pro se*, the Court construes his filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In his Complaint, Mr. Taylor makes nine allegations: (1) Ms. Kolin harassed Mr. Taylor by making false allegations about his work performance, thereby causing a hostile work environment; (2) Ms. Kolin failed properly to investigate a complaint against Mr. Taylor and failed to provide him with a fair and proper hearing as required by the CBA; (3) Ms. Kolin wrongfully and unjustly terminated Mr. Taylor without good cause and in retaliation for Mr. Taylor's previous complaints about disparate treatment and other negative acts that Greyhound took toward African American drivers; (4) Ms. Kolin placed false information about Mr. Taylor in his employment file; (5) Ms. Kolin's actions were deliberate and vindictive and caused Mr. Taylor to suffer loss of income and mental anguish; (6) Greyhound failed properly to investigate the complaint filed against Mr. Taylor and wrongfully terminated him in violation of the CBA; (7) Greyhound failed to investigate or respond to allegations of harassment and disparate treatment of the African American drivers; (8) Ms. Kolin and Greyhound violated Mr. Taylor's constitutional rights by denying him a fair and impartial

hearing; and (9) Greyhounds actions caused mental anguish, loss of consortium, loss of lifestyle, loss of income, and defamation of character.

Interpreting the Complaint liberally, the legal claims underlying these allegations, while not explicitly stated, could fairly be interpreted to be: (1) breach of contract of the CBA; (2) common law harassment; (3) defamation; (4) discrimination (under Title VII and the Oregon Anti-discrimination Statute); (5) common law retaliation; (6) intentional infliction of emotional distress; and (7) violation of the constitutional right to due process.

On June 4, 2012, before filing the Complaint in this case, Mr. Taylor filed a grievance under the CBA regarding his termination from Greyhound. The CBA provides for binding arbitration, which is administered by the American Arbitration Association and conducted according to its labor arbitration rules and standards. Mr. Taylor's grievance is scheduled for arbitration on September 24, 2013. Additionally, in his Response to the Defendants' Motion to Dismiss, Mr. Taylor concedes that several of his causes of action are governed by the CBA and thus subjects of the pending Arbitration.

## STANDARDS

### A. Liberal Pro Se Pleading Standard

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe*, 627 F.3d at 342. "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and quotation omitted). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me

PAGE 3 – OPINION AND ORDER

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B. Motion to Dismiss, Failure to State a Claim**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Iqbal,* 556 U.S. at 678-79.

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Section 301 of the National Labor Management Relations Act governs disputes between employers and employees who are parties to a collective bargaining agreement. 29 U.S.C. § 185. Therefore, when an employee sues an employer over matters related to the collective bargaining agreement, the cause of action is often preempted by Section 301. In particular, the resolution of state-law claims that are substantially dependent on an analysis of the terms of a collective bargaining agreement "must either be treated as a [Section] 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citation omitted). Although Section 301 does not preempt all state all claims, it should be applied to state laws that address questions relating to what the parties to a labor contract agreed, what the legal consequences will be for breach of that agreement, and tort suits that allege breaches of duties assumed in the collective bargaining agreement. *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1357 (9th Cir. 1997) *opinion amended and superseded on other grounds*, 95-16202, 1997 WL 236296 (9th Cir. May 12, 1997). This means that where Section 301 applies, overlapping claims under state law cannot be heard by a federal court.

Mr. Taylor's allegations regarding breach of contract, harassment, defamation, retaliation, and intentional infliction of emotional distress could all have been plead as state law causes of action. Each of these state claims, however, is preempted by Section 301, as each requires substantial interpretation of the CBA.[1] *See United Steelworkers of Am. v. Rawson*,

---

[1] Plaintiff relied on the CBA in his Complaint, and Defendants provided portions of the CBA in the Memorandum in Support of Defendants' Motion to Dismiss. Therefore, it is

PAGE 5 – OPINION AND ORDER

495 U.S. 362, 368 (1990) (holding that state-law causes of action for violation of a collective bargaining agreement or breach of a labor contract is displaced by federal law under Section 301); *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (holding that state retaliation and discrimination claims were preempted by Section 301); *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) (holding that a state law claim for intentional infliction of emotion distress was preempted by Section 301 because the CBA would need to be interpreted to assess what conduct was "reasonable"); *Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. Cal.*, 827 F.2d 589, 594 (9th Cir. 1987) (holding that a defamation claim based on an employer's accusation of poor performance and theft was preempted by Section 301 because it could not be evaluated apart from the grievance process provided in the labor contract); *Kirkland v. Boeing Co.*, CV-10-1467-ST, 2011 WL 680149 at *1 (D. Or. Jan. 13, 2011) (holding that Oregon discrimination cause of action was preempted by Section 301).

To bring a Section 301 claim for damages outside of the CBA remedies, an employee must demonstrate that the union has breached its duty of fair representation. *Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 670-71 (9th Cir. 1998). There is a two-step analysis for assessing whether a breach of the duty of fair representation has occurred:

> First, [the court] decide[s] whether the alleged union misconduct involved the union's judgment, or whether it was procedural or ministerial. Second, if the conduct was procedural or ministerial, then the plaintiff may prevail if the union's conduct was arbitrary,

---

appropriate for this Court to consider the CBA, despite the fact that it is outside of the four corners of the Complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998). Once we do, there are two relevant provisions: First, "Article G-7 Discipline," which provides in part, "Employees will neither be disciplined nor will entries be made against their records without just cause." Second, "Article G-22 Non-Discrimination," which provides in part, "There will be no discrimination in hiring, promotion, or other aspects of employment because of race, creed, color, religion, national origin, age, sex, or disability." Dkt. 21 at 8-7.

PAGE 6 – OPINION AND ORDER

> discriminatory, or in bad faith. However, if the conduct involved the union's judgment, then the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith.

*Id.* at 670. In Mr. Taylor's Response to Defendants' Motion to Dismiss, he alleges that the hearing officer who heard his original grievance was biased and unnecessarily and excessively delayed. Even under the liberal standard granted to a *pro* se plaintiff's filings, these allegations do not demonstrate that there has been a breach of the duty of fair representation. In fact, Mr. Taylor seems to indicate that he is satisfied with the union representation that he has received throughout the grievance process. Therefore, Mr. Taylor cannot at this point bring a claim for damages outside of the CBA remedies process.

In addition to his state law claims, Mr. Taylor alleges two potential federal causes of action—discrimination and violation of his constitutional rights. Under Title VII of the Civil Rights Act, a plaintiff must allege four things in order to state a claim for discrimination: (1) membership in a protected class; (2) application for a job or adequate job performance; (3) an adverse employment action was taken despite adequate job performance; and (4) that the employee was treated differently than similarly situated employees who were not members of the protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1031 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Before a plaintiff can file a Title VII discrimination claim, however, he must first exhaust the administrative remedies provided by the Equal Employment Opportunity Commission. 42 U.S.C. § 200e-5(f)(1). There is a maximum of a 300 day time limit for this administrative remedy, and Mr. Taylor's termination occurred on May 12, 2012, over 300 days ago. 42 U.S.C. § 2000e-5(e)(1). Therefore, even if Mr. Taylor's Complaint had included an adequately plead discrimination claim under Title VII, he would be precluded from doing so because the 300 day time limit has run out.

PAGE 7 – OPINION AND ORDER

Mr. Taylor has also alleged a violation of his constitutional right to due process. The Constitution of the United States protects individuals from state action, not action by private parties. In certain very limited circumstances, a private actor can be sued for a constitutional violation if that private actor was acting as an agent or with the authority of the state, or "under the color of state law." *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). A private party acts under the color of state law when the state is essentially responsible for their actions, or when the state and private party's actions are substantially intertwined. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Greyhound and Ms. Kolin are both private actors, and there is no evidence that either of the Defendants acted in consort or with the authority of the state.

Because Mr. Taylor has failed to state a claim that is not preempted by Section 301, all of his claims are subject to dismissal. The Court's ruling should not be interpreted as suggesting that the discrimination, harassment, retaliation, and violation of the CBA that Mr. Taylor alleges did not occur. That is for the arbiter to determine. Rather, the ruling only speaks to the fact that this Court is not the correct forum to resolve Mr. Taylor's complaints. Mr. Taylor has not exhausted the contractual remedies available to him under the CBA. In fact, there is a binding arbitration currently scheduled on this matter for September 24, 2013.

## CONCLUSION

Defendants' Motion to Dismiss (Dkt. 20) is GRANTED. If Plaintiff believes that he can remedy the deficiencies identified in this Opinion and Order, he may file an amended complaint within 30 days. Failure to do so, or to seek an extension of time for good cause, will result in this case being dismissed.

**IT IS SO ORDERED**.

PAGE 8 – OPINION AND ORDER

DATED this 13th day of September, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge